**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

OCTAVIOUS HODGES                                                                                      PLAINTIFF
#2200000361

v.                                              4:23-cv-00379-LPR-JJV

JOHN GRAEF,
Detention Officer, Dallas County; *et al.*                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Octavious Hodges ("Plaintiff") is a pretrial detainee in the Dallas County Detention Center ("DCDC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Officer John Graef used excessive force by pepper spraying him on March 24, 2023. (Doc. 2.) All other claims and Defendants have been previously dismissed without prejudice. (Doc. 16.)

Defendant has filed a Motion for Summary Judgment arguing this claim should be dismissed without prejudice because Plaintiff failed to properly exhaust his available administrative remedies. (Docs. 13-15.) Plaintiff has not filed a Response. Thus, the facts in

Defendant's Statement of Facts (Doc. 15) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001). And, as will be discussed herein, those facts are supported by the record. After careful consideration and for the following reasons, I recommend the Motion be GRANTED, Plaintiff's excessive force claim against Defendant Graef be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial. *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner,* 663 F.3d 336, 340 (8th Cir. 2011). In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.    DISCUSSION

### A.    The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

### B.   DCDC's Grievance Policy

During booking, all DCDC detainees receive a jail handbook, which includes the grievance policy.  (Doc. 13-1 at 1.)  The policy says a detainee may file a written or electronic grievance. (Doc. 13-1 at 4-5.)  An "appropriate" DCDC officer must respond to the grievance in writing within ten working days.  The detainee may then appeal an unsatisfactory response to the Sheriff or Jail Administrator.  Or, if a detainee does not receive a written response within ten working days, he or she may appeal directly to the Sheriff or Jail Administrator without a response. Appeals can be sent electronically, hand written and given to any staff, or mailed by a third party. And the Sheriff or Jail Administrator's written decision ends the process.

### C.   Plaintiff's Grievances

Jail Administrator Kathren Shuler says in her affidavit that on March 29, 2023, Plaintiff

filed an electronic grievance on the kiosk raising his excessive force claim against Officer Graef. (Doc. 13-1 at 1-2.) She avers that is the only grievance Plaintiff filed about the matter, and he has not provided any contrary evidence. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a *prima facie* showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact"); *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473-74 (8th Cir. 2010) (to avoid summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor").

Defendant Graef argues the excessive force claim should be dismissed because Plaintiff did not appeal that grievance before filing this lawsuit, as required by the DCDC's exhaustion policy. I agree with Defendant's argument. But his Brief does not paint the full picture of what occurred.

The chronology here is important. A computerized print-out of the "activity" regarding Plaintiff's March 29, 2023 grievance shows an officer viewed it on March 30, 2023, but did <u>not</u> respond. (Doc. 13-1 at 13.) As previously mentioned, Plaintiff had to give the officer ten working days, which was until April 12, 2023, to respond to the initial grievance in writing before Plaintiff could appeal. But instead of doing so, on March 31, 2023 and April 9, 2023, Plaintiff wrote messages on the kiosk asking if he could "press charges" against Defendant Graef. (*Id.*) Both messages were later viewed, but <u>not</u> responded to, by the Jail Administrator. And on April 24, 2023 he filed this lawsuit without ever receiving a written response from the initial reviewing officer, the Jail Administrator, or the Sheriff. (Doc. 2.)

Thus, even if I give Plaintiff the benefit of construing his two messages to the Jail Administrator as appeals, they were prematurely filed because Plaintiff did not give the reviewing

officer ten working days to respond to his initial grievance in writing. And Plaintiff did not obtain a final ruling from the Jail Administrator or Sheriff, at step two, before filing this lawsuit. Proper exhaustion under the PLRA "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits." *Woodford*, 548 U.S. at 90. Because the undisputed evidence demonstrates Plaintiff did not do so, I conclude he failed to properly exhaust his administrative remedies.

### D.     Unavailability

This is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). Administrative remedies are unavailable if, for instance: (1) the grievance procedure "operates as a dead end;" (2) the procedure is "so opaque that it becomes . . . incapable of use;" or (2) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend*, 898 F.3d at 783. Plaintiff has not offered any evidence or explanation as to why administrative remedies were unavailable to properly exhaust his excessive force claim. Therefore, I conclude Defendant Graef is entitled to summary judgment. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (under the PLRA, § 1983 actions concerning prison conditions "shall not be brought" by an inmate "until such administrative remedies are available are exhausted").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this

important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. 13) be GRANTED, Plaintiff's excessive force claim against Defendant Graef be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE